WILLIAM SCHNEIDER, INC., Appellant,

v.

A. Leon FUTTERMAN, Trustee in Bankruptcy for Shengro Co., Inc., Appellee.

No. 131, Docket 27152.

United States Court of Appeals
Second Circuit.

Argued Dec. 8, 1961.

Decided Jan. 3, 1962.

Herbert Cohen, New York City, for appellant.

Max Schwartz, Brooklyn, N. Y., and Harry Torczyner, New York City (Max Schwartz, Joseph Lewis Simon, Brooklyn, N. Y., on the brief), for appellee.

Before WATERMAN, SMITH and MARSHALL, Circuit Judges.

## PER CURIAM.

Shengro Co., Inc., a corporation of which one Schamis was president, ceased operations in July 1958 and became bankrupt. The appellant here, William Schneider, Inc., of which one William Schneider was the principal officer and stockholder, had replevied from Shengro seventeen trays of assorted rings, 614 rings in all, which, when bankruptcy intervened, the replevying sheriff turned over to the receiver in bankruptcy. Thereafter William Schneider, Inc. filed with the Referee in Bankruptcy a reclamation petition praying that the subsequently-appointed trustee in bankruptcy, appellee here, turn over to petitioner the 614 rings. By stipulation, however, the rings were sold at a trustee's sale, it being agreed that whatever lien William Schneider, Inc. had upon the rings would attach to the sale proceeds which would be held in a special fund to await determination of the merits of the reclamation petition. It was appellant's claim that it had given the bankrupt during a period from June 1957 to November 1957 certain rings, of which the 614 involved here were a part, on "all risk memoranda," and that appellant had retained title to the rings so delivered.

At the hearing before the Referee appellant produced two witnesses, William Schneider and one Grossfeld, Schneider's employee. The trustee put in no evidence, but at the conclusion of appellant's case moved to dismiss appellant's petition on the ground that petitioner had failed to prove a prima facie case. The Referee granted the motion. He was satisfied from the contradictory and unconvincing testimony of Schneider and Grossfeld that, though petitioner undoubtedly had done business with Shengro during the year 1957 and had delivered a number of rings from petitioner's stock to Schamis on several occasions, petitioner had not sustained its burden of proving that the particular rings that had been replevied were held by Shengro on consignment, or on memorandum. Petitioner produced no memoranda or receipt signed by Schamis. Its memoranda form had printed thereon: "Sale takes effect only from date of your approval of our selection, and a bill of sale rendered." "Report within five days." "Return tags with memos." Yet petitioner did not show any course of dealing between it and Shengro consistent with this printed notation. Moreover, its claim was that no ring it had sought to repossess in midsummer 1958 had been delivered to the bankrupt more recently than the previous November, eight months earlier.

Appellant filed a petition in the United States District Court for the Eastern District of New York to review the order of the Referee denying its reclamation petition. That petition was denied and the order appealed from was affirmed on the ground that the findings of the Referee were "not clearly erroneous." See In re Tabibian, 289 F.2d 793, 795 (2 Cir. 1961). From this determination by the district court the present appeal is taken.

We are in complete agreement with the result reached by the Referee and accordingly we affirm the order of the district court below.